

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00121-CR

Jason Andrew **PAUL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR0811
Honorable Melisa C. Skinner, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: June 7, 2023

DISMISSED FOR LACK OF JURISDICTION

On November 30, 2020, appellant entered into a plea bargain with the State pursuant to which he pleaded no contest to retaliation. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

On November 1, 2022, a magistrate entered an order extending appellant's civil commitment in the case. On January 30, 2023, we received a pro se notice of appeal which we understood to be an untimely attempted appeal of the civil commitment order. Therefore, on

February 24, 2023, we notified appellant of a possible jurisdictional defect and ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction by March 13, 2023.

On March 3, 2023, the district clerk filed a supplemental clerk's record containing appellant's pro se Notice of Appeal From Negotiated Plea, which was filed in the trial court on March 3, 2023, along with a response to this court setting out complaints about the underlying cause.

Because the trial court imposed sentence in the underlying cause on November 30, 2020, and appellant did not file a motion for new trial, the notice of appeal was due by December 30, 2020. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due by January 14, 2020. *See id.* R. 26.3. Therefore, on April 14, 2023, we ordered appellant's counsel to show cause why this appeal should not be dismissed for lack of jurisdiction by May 15, 2023. On May 3, 2023, appellant filed a pro se motion for leave to file a late notice of appeal and motion for appointment of counsel on appeal. Neither vests this court with jurisdiction.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Id.* Accordingly, because appellant did not file a timely notice of appeal or timely request an extension of time to file a notice of appeal, this appeal is dismissed for lack of jurisdiction. *See id.*

PER CURIAM

DO NOT PUBLISH